# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NAJERA,<br><br>             Plaintiff,<br><br>   v.<br><br>SRDC, *et al.,*<br><br>             Defendants. | Case No. CV 18-07116 FMO (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

     A "Complaint" was filed herein on August 16, 2018 (ECF No. 1). This document consists of only two pages, and it does not clearly name any defendant nor set forth any claims. Plaintiff lists "SRDC [sic] et. all [sic]" as "respondents" in the header. (*Id*. at 1.) Plaintiff filed the Complaint proceeding *pro se* in this civil rights action. Plaintiff subsequently was granted leave to proceed *in forma pauperis*. (ECF No. 6.)

     The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) applies

to any action by a litigant who is proceeding *in forma pauperis*. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Lopez v. Smith*, 203 F.3d 1122, 1127, n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints" and "district courts [should] dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc).

The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks

omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal

basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give a defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Additionally, the factual allegations in the Complaint appear insufficient to state any federal claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the

deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed.[1]

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that, on March 23, 2018, Kimberly Hendrix "falsely accused me of criminally threatening Juan Lopez to death [sic]." (ECF No. 1 at 1.) Several other actions, such as hiring an attorney to file a complaint stating that plaintiff was behind in rent, are alleged, but no person is alleged to be responsible.

Plaintiff then alleges: "I was arrested and wrongfully detained." (*Id*.) Someone then "broke into my dwelling," and took proof of payment and "everything I owned." (*Id*.)

Plaintiff alleges that he was a "disabled person" living "under contract with licensed corporation SRDC." (*Id*.) Plaintiff lists numerous ways in which "they" failed to provide "a certain standard," such as stealing his "property and mail," "not providing a small refrigerator," removing a fire alarm, and having "people physically beat [him] up." (*Id*.) Plaintiff also alleges that Juan Lopez, a "maintenance man" tried to kill him "with a gun and a knife" shortly before plaintiff's arrest on March 23, 2018. (*Id*.)

Plaintiff was placed into jail, and "not brought to court within 48 hours," he was not read his "Miranda rights" and he was not allowed to represent himself.

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

(*Id.*)  Plaintiff was told by an unidentified "judge" that plaintiff was going to be taken to a "state hospital," but that "never happened."  (*Id.*)  In July, plaintiff was taken to "a live-in program," and he was told that "charges would be dropped" at some time in the future.  (*Id.*)

Plaintiff references the "City of Los Angeles" and appears to allege that the "city" did "nothing about wrongful actions."  (*Id.* at 2.)

Plaintiff makes other random, unconnected, statements such as:  "This time away from freedom is like I am guilty without due process," (*id.* at 1); or "This is due to multiple violations under license contract of the city [sic] of Los Angeles," (*id.* at 2).

Plaintiff appears to seek only punitive damages and injunctive relief to "be free of detainment."  (*Id.* at 2.)

# DISCUSSION

**A. State Action**

Here, plaintiff's Complaint does not expressly name any defendants.  Several of the persons and the entity referenced in the body of the Complaint, such as the SDRC, identified as a "corporation" (ECF No. 1 at 1); Juan Lopez, a "maintenance man" (*id.*); and Kimberly Hendrix; appear to be private individuals or corporate entities.  In order to state a federal civil rights claim against a particular defendant for violation of his civil rights, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'"  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of

their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff must allege that any person named as a defendant "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77.

In addition, to the extent that plaintiff is purporting to raise any federal civil rights claims against a private individual, "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002). Further, the "color of law" requirement excludes from the reach of Section 1983 all "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

The Court finds that the Complaint does not set forth any facts that plausibly suggest that the actions of any private individual or corporate entity were "fairly attributable" to a government entity.

**B.   Rule 8**

In addition, plaintiff's pleading violates Rule 8 because it fails to allege a minimum factual basis for any claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Plaintiff does not even purport to set forth a minimum factual or legal basis for any claim against any person named as a defendant.

As noted above, because plaintiff is a *pro se* litigant, the Court must construe the factual allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*,

542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

Accordingly, to the extent that plaintiff wishes to raise a federal civil rights claim, plaintiff should set forth a short and plain statement of each such claim showing that a specific defendant took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. Additionally, as noted above, in order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West*, 487 U.S. at 48. Here, plaintiff has failed to allege that any individual took an affirmative act, participated in another's affirmative acts, or omitted to perform an act that he or she was legally required to do that *caused* a specific deprivation of which plaintiff complains.

The Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a simple and direct statement of the factual or legal basis of any claim that is sufficient to allow a defendant to discern what he or she is being sued for.

C. **False detention**

To the extent that plaintiff may be purporting to raise a claim for being falsely accused of criminal counts, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*,

8

907 F.2d 874, 875 (9th Cir. 1990). Plaintiff may not use a civil rights action such as this to challenge the validity or duration of any conviction. That relief is available only in a habeas corpus action.

In addition, to the extent that plaintiff is seeking damages for an allegedly unlawful conviction, his claims are not cognizable in a civil rights action unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005).

### D. City of Los Angeles

Plaintiff references the City of Los Angeles (the "City") in the body of the Complaint, and he alleges that the City did "nothing about wrongful actions." (ECF No. 1 at 2.) Plaintiff, however, sets forth no factual allegations concerning the "wrongful actions," when they occurred, or who performed them.

To raise a federal civil rights claim against a local government entity such as the City, however, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff may not hold the City liable for any allegedly unconstitutional conduct by its employees.

Here, the Complaint fails to set forth any factual allegations that a specific

policy or custom promulgated by the City was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted.

**E.     Injunctive Relief**

Plaintiff appears to seek injunctive relief to "be free of detainment." (ECF No. 1 at 2.)

In order to state a claim for prospective injunctive relief, a plaintiff must demonstrate that a credible threat exists that he or she will again be subjected to the specific injury for which relief is sought. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "[P]ast exposure to harm is largely irrelevant when analyzing claims of standing for injunctive relief that are predicated upon threats of future harm." *Nelson v. King County*, 895 F.2d 1248, 1251 (9th Cir. 1990) (*citing O'Shea v. Littleton*, 414 U.S. 488, 491 (1974)).

Here, to the extent that plaintiff is purporting to seek injunctive relief that does not seek to have a conviction overturned or set aside, plaintiff's Complaint fails to set forth any factual allegations showing that a credible threat exists that he will again be subjected to the specific injuries for which relief is sought. In addition, the Complaint does not identify who such relief is being sought from. Accordingly, the Court finds that plaintiff's allegations in the Complaint are insufficient to state a claim for injunctive relief.

***********

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above.     The First Amended

| | |
|---|---|
| 1 | Complaint should bear the docket number assigned in this case; be labeled "First |
| 2 | Amended Complaint"; and be complete in and of itself without reference to the |
| 3 | original complaint, or any other pleading, attachment, or document.  Additionally, |
| 4 | plaintiff is admonished that he must comply with the Local Rules regarding the |
| 5 | format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page |
| 6 | be numbered and that no more than 28 lines of double-spaced text be on each page. |
| 7 | In addition, plaintiff must sign and date his pleading, if he decides to file a First |
| 8 | Amended Complaint.  (*See* L.R. 11-1.) |
| 9 | The clerk is directed to send plaintiff a blank Central District civil rights |
| 10 | complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished |
| 11 | that, if he desires to pursue this action, he must sign and date the civil rights |
| 12 | complaint form, and he must use the space provided in the form to set forth all of |
| 13 | the claims that he wishes to assert in a First Amended Complaint. |
| 14 | Plaintiff is also admonished that, irrespective of his *pro se* status, if plaintiff |
| 15 | wishes to proceed with this action, then he must comply with the Federal Rules of |
| 16 | Civil Procedure and the Local Rules of the United States District Court for the |
| 17 | Central District of California.  *See, e.g., Briones v. Riviera Hotel & Casino*, 116 |
| 18 | F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following |
| 19 | court rules"); L.R. 1-3.  For example, pursuant to Fed. R. Civ. P. 10, the body of a |
| 20 | complaint must include all defendants listed in the caption of the pleading.  Here, |
| 21 | the caption of plaintiff's Complaint lists one "respondent," but the Complaint fails |
| 22 | to name any defendants. |
| 23 | **Plaintiff is further admonished that, if he fails to timely file a First** |
| 24 | **Amended Complaint, or fails to remedy the deficiencies of his pleading as** |
| 25 | **discussed herein, the Court will recommend that the action be dismissed on the** |
| 26 | **grounds set forth above and for failure to diligently prosecute.** |
| 27 | In addition, if plaintiff no longer wishes to pursue this action, then he may |
| 28 | request a voluntary dismissal of the action pursuant to Federal Rule of Civil |

Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

Finally, if plaintiff wishes to receive free information and guidance concerning self-representation, a pro se clinic exists within the Court at the following times and location:

> Edward R. Roybal Federal Building
>  And United States Courthouse
> 255 East Temple Street, Suite 170
> Los Angeles, CA 90012
> Mondays, Wednesdays and Fridays
> 9:30 am - 12:00 pm and 2:00 pm - 4:00 pm
> (213) 385-2977, ext. 270
> www.cacd.uscourts.gov/prose

**IT IS SO ORDERED.**

DATED: 10/9/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments:  Civil Rights Complaint (CV-066)
             Notice of Dismissal (CV-009)