# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NAJERA,<br><br>Plaintiff,<br><br>v.<br><br>EARNEST GREEN, *et al.,*<br><br>Defendants. | Case No. CV 18-07116 FMO (AFM)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On August 16, 2018, plaintiff filed a Complaint. (ECF No. 1.) Plaintiff subsequently was granted leave to proceed *in forma pauperis*. (ECF No. 6.)

Following careful review of the Complaint, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint was dismissed with leave to amend. If plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (*See* ECF No. 11.) Further, plaintiff was admonished that, if he failed

to timely file a First Amended Complaint, or failed to remedy the deficiencies of his pleading as discussed therein, the Court would recommend that his action be dismissed without leave to amend and with prejudice.

On October 19, 2018, plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 12.) Following careful review of the FAC, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the FAC was dismissed with leave to amend. If plaintiff desired to pursue this action, he was ordered to file a Second Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (*See* ECF No. 14.) Further, plaintiff was admonished that, if he failed to timely file a Second Amended Complaint, or failed to remedy the deficiencies of his pleading as discussed therein, the Court would recommend that his action be dismissed without leave to amend and with prejudice.

On November 27, 2018, plaintiff filed a Second Amended Complaint (SAC) which is now the operative pleading. (ECF No. 16.) The SAC names as defendants Earnest Green, Kimberly Hendrix, Juan Lopez, Eric Garcetti, and "court decisional body unknown." Plaintiff seeks monetary damages. In accordance with 28 U.S.C. § 1915(e)(2)(B), the Court now has screened the SAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the SAC is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (amended by *Hebbe v. Pliler*, 627 F.3d 338); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*,

556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-675 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the SAC, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Additionally, the factual allegations in the SAC appear insufficient to state any federal claim upon which relief may be granted. Accordingly, the SAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[1]

## DISCUSSION

### A. Rule 8

Generally, plaintiff alleges that he was filmed in and around his dwelling; that poison was placed around his dwelling and said poison made his service dog sick; that his service dog was taken from him; that he was falsely accused of various acts including threatening the maintenance man and not paying rent; that he was

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

wrongfully evicted from his dwelling; that his belongings were stolen from his dwelling; that he was not allowed to appear at hearings in which he was found incompetent; that his written grievances and appeals for help have gone unanswered; and that a State court and various court personnel violated his Sixth Amendment rights. (*See* ECF No. 16.)

Plaintiff's pleading violates Rule 8 because it fails to allege a minimum factual basis for any claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

As noted above, because plaintiff is a *pro se* litigant, the Court must construe the factual allegations of the SAC liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's SAC must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

Accordingly, to the extent that plaintiff wishes to raise a federal civil rights claim against a named defendant, plaintiff should set forth a short and plain statement of each such claim showing that a specific defendant took a specific action, participated in another's action, or omitted to perform an action that *caused* each alleged constitutional deprivation. Additionally, as noted above, in order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S.

42, 48 (1988). Here, plaintiff has failed to allege that any defendant, while acting under color of state law, took an affirmative act, participated in another's affirmative acts, or omitted to perform an act that he or she was legally required to do that *caused* a specific deprivation of which plaintiff complains.

In addition, it is unclear the number of claims that plaintiff is purporting to raise and against which defendant each of his claims is raised. For example, under "Claim I" plaintiff cites the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and statements that plaintiff was "deprived of life, liberty, or property without due process of law" and that his private property was "taken for public use without just compensation." (ECF No. 16 at 7.) However, plaintiff's allegations against defendants Green and Hendrix cite "rules and regulations set by LA and Cali[fornia] as well as the [C]onstitution, and ADA." (*Id*. at 3.)

Plaintiff's SAC fails to allege, "simply, concisely, and directly," events sufficient to allow any defendant to discern the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Accordingly, the Court finds that plaintiff's SAC violates Rule 8 because it fails to set forth a simple and direct statement of the factual basis of any claim that is sufficient to allow a defendant to discern what he or she is being sued for.

**B.** **Defendants Green, Hendrix, and Lopez**

Plaintiff alleges that, Earnest Green, as President of the Skid Row Development Corporation, violated "rules and regulations" set by Los Angeles and California, violated the Fifth and Fourteen Amendments of the United States Constitution, and violated the Americans with Disabilities Act ("ADA") when he caused plaintiff's "physical injury and loss of home and all property" and was "involved in illegal lie to have [plaintiff] incarcerated." (ECF No. 16 at 3, 5, 7.)

Plaintiff alleges that, Kimberly Hendrix, as "Assisting Manager" of the Skid Row Development Corporation, violated "rules and regulations" set by Los Angeles and California and violated the Constitution and the ADA when she colluded with

7

defendant Green "in claims [plaintiff] threatened Juan Lopez, the maintenance man;" when she used her "authoritative role in the stealing of [plaintiff's] property;" and when she took plaintiff's service dog away. (*Id.*)

Plaintiff alleges that, Juan Lopez, as maintenance man for the Skid Row Development Corporation, violated "custodian rules [and] regulations" and violated plaintiff's individual rights when defendant Lopez tried to "kill or gravely harm" plaintiff. Plaintiff further alleges that defendant Lopez entered plaintiff's dwelling without properly notifying plaintiff. (*Id.* at 3, 5, 7, 9-10.)

In order to state a federal civil rights claim against a particular defendant for violation of his civil rights, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West*, 487 U.S. at 48. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and brackets in *Leer*) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff has failed to allege sufficient facts to state any claim. While the Court accepts allegations of material fact as true and construes those facts in the light most favorable to plaintiff, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Wood*, 134 S. Ct. 2056, 2065 n.5 (citing *Iqbal*, 556 U.S. at 678); *see also Love*, 915 F.2d at 1245. Plaintiff's conclusory statements, such as, that defendant caused "physical injury and loss of home and all property," was "involved in illegal lie to have [plaintiff] incarcerated," and "placed [plaintiff] in jail for a lie," (ECF No. 16 at 3, 5, 7), "are not entitled to the presumption of truth." *Salameh*, 726 F.3d at 1129.

Plaintiff's SAC does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In addition, to the extent that plaintiff is purporting to raise any federal civil rights claims against a private individual, "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002). Further, the "color of law" requirement excludes from the reach of Section 1983 all "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

The Court finds that the SAC does not set forth any facts that plausibly suggest that the actions of any private individual or corporate entity were "fairly attributable" to any government entity.

### C. <u>Defendant Garcetti</u>

Plaintiff alleges that, Eric Garcetti, Mayor of Los Angeles, failed to enforce the rules and regulations that municipal corporations are bound to follow. (ECF No. 16 at 4, 6.) Plaintiff's SAC names Mayor Garcetti in his official capacity. (*Id*. at 4.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* Accordingly, any claim against the mayor of Los Angeles in his official capacity is treated as a claim against the City of Los Angeles.

To raise a federal civil rights claim against a local government entity such as a city, however, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Accordingly, plaintiff may not hold the City of Los Angeles liable for any allegedly unconstitutional conduct by its employees.

Here, the SAC fails to set forth any factual allegations that a specific policy or custom promulgated by the City of Los Angeles was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").

Further, it is not clear in the SAC what actions the mayor is alleged to have taken that caused a constitutional violation. Plaintiff alleges that defendant Garcetti failed to enforce rules and regulations. (ECF No. 16 at 4, 6.) However, Plaintiff does not state what specific rules or regulations were not enforced, when the rule or regulation was not enforced, how non-enforcement impacted plaintiff, and what constitutional violation resulted. Accordingly, the Court finds that the SAC does not contain factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

***********

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Third Amended

Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document. Additionally, plaintiff is admonished that he must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-1, which requires that plaintiff must sign and date his pleading, if he decides to file a Third Amended Complaint. (*See* L.R. 11-1.)

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: 3/6/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Civil Rights Complaint (CV-066)
Notice of Dismissal (CV-009)