# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NAJERA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EARNEST GREEN, *et al.,*<br><br>　　　　　Defendants. | Case No. CV 18-07116 FMO (AFM)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On August 16, 2018, plaintiff filed a Complaint. (ECF No. 1.) Plaintiff subsequently was granted leave to proceed *in forma pauperis*. (ECF No. 6.)

Following careful review of the Complaint, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint was dismissed with leave to amend. If plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (*See* ECF No. 11.) Further, plaintiff was admonished that, if he failed

to timely file a First Amended Complaint, or failed to remedy the deficiencies of his pleading as discussed therein, the Court would recommend that his action be dismissed without leave to amend and with prejudice.

On October 19, 2018, plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 12.) Following careful review of the FAC, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the FAC was dismissed with leave to amend. If plaintiff desired to pursue this action, he was ordered to file a Second Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (*See* ECF No. 14.) Further, plaintiff was admonished that, if he failed to timely file a Second Amended Complaint, or failed to remedy the deficiencies of his pleading as discussed therein, the Court would recommend that his action be dismissed without leave to amend and with prejudice.

On November 27, 2018, plaintiff filed a Second Amended Complaint (SAC). (ECF No. 16.) Following careful review of the SAC, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the SAC was dismissed with leave to amend. If plaintiff desired to pursue this action, he was ordered to file a Third Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (*See* ECF No. 21.) Further, plaintiff was admonished that, if he failed to timely file a Third Amended Complaint, or failed to remedy the deficiencies of his pleading as discussed therein, the Court would recommend that his action be

dismissed without leave to amend and with prejudice.

On March 29, 2019, plaintiff filed a Third Amended Complaint (TAC). (ECF No. 23.) The TAC names as defendants "Kimberley Hindrex" (plaintiff also spells defendant's name as Kimberly Hendricks), Ernest Green, Juan Lopez, Eric Garcetti, and court personnel, judges, and attorneys ("judicial defendants"). (*Id*. at 3-5.) Plaintiff seeks injunctive relief with respect to the judicial defendants. Plaintiff seeks no other relief. In accordance with 28 U.S.C. § 1915(e)(2)(B), the Court now has screened the TAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the TAC is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013) (quoting *Chavez v. United States*, 683 F.3d 1102,

3

1108 (9th Cir. 2012)).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (amended by *Hebbe v. Pliler*, 627 F.3d 338); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for

4

each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-675 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the TAC, the Court finds that the factual allegations in the TAC appear insufficient to state any federal claim upon which relief may be granted. Accordingly, the TAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Fourth Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Fourth Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Third Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of

**DISCUSSION**

**A.     RULE 10**

Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"). The Court notes that plaintiff has failed to comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants listed in the body of the pleading. Here, plaintiff has neglected to caption his TAC. Plaintiff is reminded that should he file a Fourth Amended Complaint, he must list each defendant in the caption.

**B.     Defendants Hendricks, Green, and Lopez**

Plaintiff levies allegations against Kimberly Hendricks, Earnest Green, and Juan Lopez as employees of "SRDC municipality corporation." To the extent that plaintiff is purporting to raise any federal civil rights claims against a private individual, a private entity, or a nonprofit organization, "Section 1983 liability extends to a private party where the private party engaged in state action **under color of law** and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 840-43 (1982) reiterating four factors courts consider when determining whether an entity, such as a nonprofit organization, is a state actor for purposes of § 1983 liability: (1) whether the existence of government funding

---

that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Fourth Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

influences the entity's decision making process; (2) whether the government's regulation of the entity amounts to government involvement in the entity's decisions; (3) whether the organization performs a "public function" that has been "traditionally the exclusive prerogative of the state;" and (4) whether there is a "symbiotic relationship" between the entity and the government). Further, the "color of law" requirement excludes from the reach of Section 1983 all "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the government. *Rendell-Baker*, 457 U.S. at 838.

The Court finds that the TAC does not set forth sufficient facts to allege that SRDC is a state actor subject to § 1983 claims. Further, plaintiff does not allege facts that plausibly suggest that the actions of any private individual, corporate entity, or nonprofit organization were "fairly attributable" to any government entity.

## C. <u>Defendant Garcetti</u>

Plaintiff alleges that the City of Los Angeles and its Mayor, Eric Garcetti, failed to respond to his "administrative written complaints" regarding plaintiff's alleged constitutional violations by SRDC. (ECF No. 23 at 10.) Plaintiff alleges that ignoring the complaints of "underprivileged," "lower-income," and "homeless" people is a "custom that's been promulgated by the city of Los Angeles." (*Id.*)

Plaintiff's TAC names Mayor Garcetti in his official capacity. (*Id.* at 4.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* Accordingly, any claim against the mayor of Los Angeles in his official capacity is treated as a claim against the City of Los Angeles.

To raise a federal civil rights claim against a local government entity such as a city, however, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Accordingly, plaintiff may not hold the City of Los Angeles liable for any allegedly unconstitutional conduct by its employees.

Here, the TAC fails to set forth any factual allegations that a specific policy or custom promulgated by the City of Los Angeles was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). Plaintiff's blanket statement that the City has a custom of ignoring complaints filed by "underprivileged," "lower-income," and "homeless" people is insufficient to show that this alleged custom was the "actionable cause" of a specific constitutional violation that harmed plaintiff. *Tsao*, 698 F.3d at 1146.

### D. Judicial Defendants

The only request for relief in plaintiff's TAC asks for "injunctive relief from this Federal Court from State Court that has violated my 6th amendment right to cross-examine witnesses and evidence, and illegally finding me incompetent without my presence. This court can make a determination on this case that has never been adjudicated by State Court. Seeking court determination and legal trial process injunctively. Such harm by State Court violation will continue if relief is not provided by this court." (ECF No. 23 at 15.) This request is preceded by allegations

that judges in the "L.A. courts" made decisions "without argument" and in violation of plaintiff's equal protection rights. (*Id*. at 4.) Plaintiff alleges that he was not allowed to be present at a state court[2] proceeding and thus, "never got a chance to cross-examine any witnesses or get a chance to present any evidence." (*Id*. at 8.)

Judges are absolutely immune from suit pursuant to § 1983 arising from judicial acts taken within the jurisdiction of their courts. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). A judge does not lose absolute immunity merely because the action he or she took was in error, was done maliciously, or was in excess of his or her authority. *See id.,* 435 U.S. at 356. "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Stump*, 435 U.S. at 356-57 and n.7). An act is judicial in nature when it involves "a function normally performed by a judge." *See Stump*, 435 U.S. at 362.

Here, plaintiff names as defendants Los Angeles Courts, judges, personnel, and attorneys. Because plaintiff fails to set forth a short and plain statement of the factual or legal basis for each of his claims against these defendants, it is not clear what claims plaintiff is purporting to raise against the judicial defendants. However, any claims against these defendants appear to arise from actions the defendants are alleged to have taken during legal proceedings concerning plaintiff's competency hearing. (*See* ECF No. 23 at 8; ECF No. 12 at 19.) Plaintiff also appears to allege that he was either wrongfully convicted or wrongly found to be incompetent. (*See* ECF No. 23 at 5:7-9, 12-17; 7:1-11; 12:11-13; 14:6.) Accordingly, any claims that

---

[2] Based on the content of plaintiff's TAC, it is not clear to the Court where the proceedings alleged in plaintiff's TAC took place. Consequently, the Court uses the term "state court" to refer to those proceedings acknowledging that the proceedings referenced in plaintiff's TAC may have taken place in L.A. County or Municipal Court.

plaintiff purports to raise against the individual judicial defendants arise from actions that were judicial in nature.

In addition, to the extent that plaintiff is purporting to state any claims against a state court arising from the actions of its judicial officials, such claims are barred by the Eleventh Amendment because a state court is treated as a state agency for purposes of § 1983 litigation. *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court . . . , because such suits are barred by the Eleventh Amendment"), citing *Will v. Michigan. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that state courts are arms of the state for Eleventh Amendment purposes). The Eleventh Amendment bars federal jurisdiction over suits by individuals against a state and its instrumentalities, unless either the state consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). To overcome this Eleventh Amendment bar, the state's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. University of California, Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Therefore, plaintiff is barred by the Eleventh Amendment from raising any federal civil rights claims against a California state court.

Accordingly, the judicial defendants are entitled to absolute immunity from any claims that plaintiff is purporting to raise pursuant to § 1983. Further, plaintiff

is barred by the Eleventh Amendment from raising any claims pursuant to § 1983 against a California state court.

E. **Claims barred by *Heck v. Humphrey***

To the extent that any of plaintiff's claims are premised on the unlawfulness of any conviction, those claims would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Much of plaintiff's TAC is devoted to decrying alleged injustices surrounding the events leading to his arrest and allegations that the state court proceedings were illegal. (*See* ECF No. 23 at 5:14-16; 6:1-3; 7:1-3; 8:1-6; 14:6; 15:4-14.) A petition for habeas corpus is the sole judicial remedy when an individual attacks "the validity of the fact or length of [his] confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Thus, a plaintiff may not use a civil rights action to challenge the validity of his conviction or continued incarceration. Such relief is only available in a habeas corpus action. A civil rights complaint that appears to be seeking habeas relief should be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Finally, to the extent that plaintiff seeks any damages in this civil rights action with respect to allegations that his conviction is invalid, his claim would be barred because he has not alleged his conviction has been invalidated. *See Heck,* 512 U.S. at 486-87 ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). Therefore, plaintiff cannot proceed on any claim in the TAC that arises from his allegedly unlawful arrest or any alleged legal errors that occurred during the course of the state court proceedings.

Accordingly, the Court finds that any federal claims that plaintiff is purporting to raise against the judicial defendants pertaining the state court proceedings appear to be barred by *Heck*.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a Fourth Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Fourth Amended Complaint should bear the docket number assigned in this case; be labeled "Fourth Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document. Additionally, plaintiff is admonished that he must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-1, which requires that plaintiff must sign and date his pleading, if he decides to file a Fourth Amended Complaint. (*See* L.R. 11-1.)

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Fourth Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a Fourth Amended Complaint, or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.** At this time, it is not anticipated that further opportunities to amend will be granted beyond a Fourth Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil

Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: 4/15/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment:  Civil Rights Complaint (CV-066)
　　　　　　　Notice of Dismissal (CV-009)